UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AEROTEK, INC.<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST ELECTRICAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 2:24−cv−01636−JHC<br><br>**ORDER GRANTING AEROTEK, INC.'S MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiff Aerotek, Inc.'s Motion for Default Judgment. Dkt. # 12. The Court has reviewed the materials filed in connection with the motion, the rest of the file, and the governing law. The Court GRANTS the motion.

# I

## JURISDICTION & VENUE

The Court has diversity jurisdiction over this matter. *See* Dkt. # 1 at 2; 28 U.S.C. § 1332(a). Also, the Court appears to have personal jurisdiction over Defendant, which is alleged to be a Washington corporation that operates in this State, and which is alleged to have entered into a contract with Plaintiff for services in Washington; also, the claims arise from such services. *See* Dkt. # 1 at 2; s*ee generally Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004). And venue appears to be proper in this District, as Plaintiff alleges the Defendant resides

within this venue, the contracted staffing services at issue took place within this venue, and a substantial part of the events or omissions giving rise to the claim occurred within this venue. Dkt. # 1 at 2; 28 U.S.C. § 1391.

## II

### DEFAULT JUDGMENT

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Courts typically consider these factors when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are generally disfavored, so "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, CASE NO. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

/

/

ORDER ON DEFAULT JUDGMENT Page | 2
CASE NO.: 2:24-cv-01636-JHC

A.      Application of *Eitel* Factors

   1.      Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). Defendant has failed to respond to this action, so default judgment is Plaintiff's only means for recovery. *See Eve Nevada, LLC v. Derbyshire*, CASE NO. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022). Thus, this factor supports default judgment.

   2.      Merits of Plaintiff's Claims and Sufficiency of Complaint

"Courts often consider the second and third *Eitel* factors together." *Developers Sur. and Indem. Co. v. View Point Builders, Inc.*, CASE NO. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). As mentioned above, the Court must accept all well-pleaded allegations in the complaint as established fact. Accepting such allegations, the complaint suffices to state the causes of action directed against Defendant. Thus, the second and third *Eitel* factors weigh in favor of Plaintiff.

   3.      Sum of Money at Stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, CASE NO. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). Here, because Plaintiff seeks recovery of the monetary relief directly related to Defendant's breach of the contract at issue, there is direct proportionality. Thus, the fourth *Eitel* factor supports default judgment.

   4.      Possibility of Dispute Over Material Facts

There is no sign that the material facts are in dispute. And again, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be

ORDER ON DEFAULT JUDGMENT Page | 3
CASE NO.: 2:24-cv-01636-JHC

taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Defendant did not appear, so the Clerk correctly entered default against him. *See* Dkt. # 11.

       5.       Probability that Default was Because of Excusable Neglect

The sixth *Eitel* factor assesses whether Defendant's default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly served with the complaint. *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Plaintiff establishes that it did properly serve Defendant. *See* Dkt. # 8. So this factor weighs in favor of default judgment.

       6.       Policy Favoring Decision on the Merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, Defendant's failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, CASE NO. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy in this case.

In sum, the *Eitel* factors support default judgment.

B.      Damages; Attorney Fees & Costs.

Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff's claimed damages are appropriate to award. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff has the burden of

proving its requested damages are reasonable and supported by evidence. *Bd. of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

The Declaration of Timothy Swift in Support of Aerotek's Motion for Default Judgment and the exhibits thereto provide sufficient evidence to support the damage award requested. Dkt. # 13. Accordingly, the Court concludes that Defendant West Coast Electrical Services, Inc. is liable to Aerotek under the applicable Services Agreement for the following:

a. Unpaid invoices for staffing services of $172,156.18;

b. Associated late charges, accrued through December 27, 2024, of $9,882.55; and

c. Reasonable attorneys' fees and costs in an amount to be determined by the Court on filing of a separate petition by Aerotek.

Also, the Court AWARDS Aerotek post-judgment interest on the entire award, including attorneys' fees and costs, under 28 U.S.C. § 1961.

**Dated** this 22nd day of January, 2025.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE